# IN THE COURT OF APPEALS OF IOWA

---

No. 26-0172
Filed July 8, 2026

---

**In the Interest of H.C., Minor Child,**

**S.L., Mother,**
Appellant.

---

Appeal from the Iowa District Court for Dallas County,
The Honorable Virginia Cobb, Judge.

---

**AFFIRMED**

---

Donna M. Schauer of Schauer Law Office, Panora, attorney for appellant
mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Sarah Dewein, Urbandale, attorney and guardian ad litem for minor child.

---

Considered without oral argument
by Greer, P.J., Langholz, J., and Bower, S.J.
Opinion by Langholz, J.

1

**LANGHOLZ, Judge.**

A son was removed from his mother's custody in December 2024 over concerns about the mother's illegal substance use and mental-health status.[1] This was not the first time the mother had a child removed from her custody. Indeed, her parental rights to at least two other children were terminated for the same reasons—with the latest in 2022. Given that history, the State petitioned to adjudicate the son in need of assistance just sixteen days after his birth. The mother cared for the son for the first few months of his life, but after a few relapses and a two-month stint in jail, the juvenile court terminated the mother's rights to the son.[2]

The mother appeals, arguing that the State failed to prove a statutory ground, that termination was not in the son's best interest, that we should apply a permissive exception to preclude termination, and that she should get a six-month extension to work toward reunification.

On our de novo review, we agree with the juvenile court. Because the mother's substance-use issues still loom large and they were the reason for her prior terminations, we affirm the statutory grounds under paragraph "g" of Iowa Code section 232.116(1). And seeing no prospect that the mother will stop using illegal drugs, we find termination is in the son's best interest. Finally, the son deserves permanency now, so we decline to apply the permissive bond exception or grant a six-month extension to work toward reunification. We thus affirm the juvenile court's order.

---

[1] We avoid using the parties' names to respect their privacy because this opinion—unlike the juvenile court's order—is public. *Compare* Iowa Code § 232.147(2) (2025), *with id.* §§ 602.4301(2), 602.5110; *see also* Iowa Ct. R. 21.25.

[2] The court also terminated the father's parental rights. He does not appeal.

## I. Background Facts and Proceedings

This family has a long history with the Iowa Department of Health and Human Services ("HHS"), including at least two prior terminations of the mother's parental rights to other children—the most recent in 2022. Both of those terminations were due to the mother's illegal substance use. Given that record, the State petitioned to adjudicate the son in need of assistance just sixteen days after his birth—in July 2024—citing the mother's substance-use history and those prior terminations. The mother agreed to the filing of the petition.

The son was adjudicated in need of assistance a few months later, but he remained in the mother's care. HHS began requesting that the mother participate in substance-use treatment and mental-health therapy, but she did not do so. In late November, HHS became concerned that the mother had relapsed and requested that she complete a drug test. She refused. HHS reiterated its request a few more times in early December and even offered to drive her to the testing facility. But the mother stopped responding to HHS's calls and texts. The State thus sought temporary removal of the son.

The court granted the State's request and ordered an ex parte temporary removal of the son. But when authorities arrived at the mother's residence to execute the order, she and the son were not there. The son was found a few days later because the mother contacted a family member who had adopted some of her other children and asked her to take the son. During this time, the mother was also ordered to wear a drug patch by her probation officer. And that drug patch came back positive for methamphetamine and THC in December.

HHS then learned that the mother and son had been staying with the father for the last few months. A photo of the crib at the father's residence

was admitted into evidence at the removal hearing. The crib was dirty and full of items dangerous to a baby, including scissors, cigarette butts and packs, a mini screwdriver, a putty knife, and what appeared to the juvenile court to be drug paraphernalia. The court ordered HHS to take temporary legal custody of the son and placed him with the family member and his siblings.

From there, the mother had sporadic visits with the son. She began to engage in substance-use treatment and attended mental-health therapy. But in March 2025, the mother relapsed on methamphetamine and THC. This sparked a probation violation and a warrant for her arrest. She spent two months in jail from late July to late September. Then in November, the mother was charged with theft of over $4,000 from an elderly man. She spent a week in jail for this.

A termination hearing was held a month later in December 2025. The court ultimately terminated the mother's rights to the son. And she appeals.

## II. Statutory Grounds for Termination

Terminating parental rights under Iowa Code chapter 232 follows a three-step process. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). First, the State must prove a statutory ground for termination. *Id.* Second, the State must show termination is in the best interest of the child. *Id.* And third, the parent has the burden to show whether a discretionary exception applies that should preclude termination. *Id.*; *see also In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). We need not address any steps not challenged by a parent. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). And we review a termination decision de novo, giving "respectful consideration" to the juvenile court's factual findings, especially when based on credibility determinations. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

The juvenile court terminated the mother's parental rights under paragraphs "b," "e," and "g" of Iowa Code section 232.116(1). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We elect to focus on the mother's challenge to termination under paragraph "g."

The mother does not dispute the first two elements of this ground for termination: the son's adjudication as a child in need of assistance and the termination of the mother's parental rights to another one of her children. *See* Iowa Code § 232.116(1)(g)(1)–(2). The third element requires "clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation." *Id.* § 232.116(1)(g)(3). And the fourth element requires "clear and convincing evidence that an additional period of rehabilitation would not correct the situation." *Id.* § 232.116(1)(g)(4). On our de novo review, we agree with the juvenile court that the State proved both contested elements by clear and convincing evidence.

The mother's prior terminations were due to her illegal substance use and mental-health issues. Neither concern has resolved. The son was born in June 2024 and was adjudicated in need of assistance just sixteen days later based on the mother's past drug use and the prior terminations founded on her illegal drug use. As for this case, she was asked to complete a drug test in late November 2024—about five months after the son was born—but she declined because she was busy with work and did not have a ride to the testing facility. Over the next days, into December, HHS repeatedly reached out to the mother to schedule a drug test. But she did not respond even though she had previously notified HHS that she had one of those days off work and

5

could complete the test. Later that month, after the removal, the mother wore a drug patch at the direction of her probation officer. And that patch came back positive for methamphetamine and THC.

Once the child was removed from her custody, the temporary placement—the mother's sister—went to the house where the mother had been staying with the son to get his crib. But the crib was dirty and full of dangerous items, including a pair of scissors, cigarette butts and packs, a mini screwdriver, a putty knife, and what appeared to the juvenile court to be drug paraphernalia.

The mother did begin mental-health and substance-use services in January. But she relapsed in February and early March on methamphetamine and THC. These relapses caused a probation violation and a warrant for her arrest. But she did not turn herself in to authorities until late July. And she remained incarcerated until late September. Less than a month after she was released, she was back in jail on a theft charge. She was released about a week later. And just three days after that, she took a drug test that was positive for a high amount of THC. By the termination hearing, she still had not meaningfully engaged in the substance-use or mental-health services offered to her.

We thus agree with the juvenile court that there is clear and convincing evidence that the mother lacked the ability or willingness to respond to the services that would correct her mental-health and substance-use issues. *See* Iowa Code § 232.116(1)(g)(3). She has been offered services since the beginning of her prior child-welfare cases, spanning back nearly a decade. Yet she has repeatedly failed to meaningfully engage in them. And given the mother's long history of substance use and her inability to correct it, we agree with the court that there is clear and convincing evidence that more time for

rehabilitation would not correct the situation. *See id.* § 232.116(1)(g)(4). Thus, the State proved a statutory ground for termination under Iowa Code section 232.116(1)(g).

## III.    Best Interest

The best interest of the child is the "paramount concern in a termination proceeding." *L.B.*, 970 N.W.2d at 313. We consider both the son's long-range and immediate best interest. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). And we must give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *see also In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016). On our review, we again agree with the juvenile court's conclusion that termination is in the son's best interest.

At the time of the termination hearing, the son had been out of the mother's care for about one year. Between her stints in jail, repeated illegal substance use, and failure to engage in services, there was little prospect that maintaining a parental relationship with the mother would be in the son's best interest. The mother's more recent criminal activity and substance use is particularly concerning in light of the past terminations of her parental rights. She has repeatedly relapsed despite losing her rights to her children because of her substance use. And she has not taken the necessary steps to correct the problems that have been plaguing her and her family for many years now. Ultimately, we see no prospect that the mother will change her ways. *See C.K.*, 558 N.W.2d at 172 ("[W]e look to [a parent's] past performance because it may indicate the quality of care the parent is capable of providing in the future."). And "we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1)

by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (cleaned up).

## IV.   Permissive Exception

The mother next argues that the court should have declined to terminate her parental rights because of the bond she shares with her son. *See* Iowa Code § 232.116(3)(c). The mother had the burden to prove this exception, and it is permissive. *See A.S.*, 906 N.W.2d at 475–76. To preserve error, a parent must both raise the issue in the juvenile court and obtain a ruling on it. *In re J.R.*, 20 N.W.3d 839, 843 (Iowa Ct. App. 2025) (en banc) (holding that when a parent fails to raise a permissive exception during the termination hearing, they cannot pursue it on appeal). It is questionable whether the mother preserved error by only generically asking the court to "find an exception," without specifically raising the parent-child bond exception.

But even if the mother did preserve error, we find that the exception does not apply. A court has discretion to decline termination if "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). There is little evidence of a bond here. The son was removed from his mother's care just six months after his birth. The mother did not object to the removal. Since then, the mother has had only sporadic contact with the son. While we have no doubt the mother loves her son and that they may have some bond, that bond does not outweigh the need for termination. The mother's substance-use and mental-health issues pose a risk to the son's safety and well-being. We thus decline to apply the permissive bond exception here.

## V. Additional Time for Reunification

Finally, the mother argues that the juvenile court should have given her six more months to work toward reunification rather than terminating her rights. *See* Iowa Code §§ 232.117(5), 232.104(2)(b). A court may give more time "only if the need for removal 'will no longer exist at the end of the additional six-month period.'" *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (quoting Iowa Code § 232.104(2)(b)).

This is not the first time the mother has had her rights to a child terminated. The mother did not change her ways after her rights were terminated in those prior proceedings. And since the child-in-need-of-assistance adjudication in this case, the mother has made no progress in services, and her substance-use issues remain unaddressed. We see little prospect that the situation would be any different after another six months.

We thus affirm the juvenile court's termination order.

**AFFIRMED.**